# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JOSHUA DOWER,**
**Respondent Below, Petitioner**

**v.) No. 24-ICA-310**　(Fam. Ct. Monongalia Cnty. Case No. FC-31-2018-D-176)

**MELISSA DOWER,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joshua Dower ("Husband") appeals the Monongalia County Family Court's July 8, 2024, order denying his motion to reopen equitable distribution due to alleged errors in the parties' September 19, 2019, divorce order. Respondent Melissa Dower ("Wife") filed a response in support of the family court's decision.[1] Husband filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

By way of background, the parties were previously married and share three children. The final divorce hearing was held on March 26, 2019, and the final divorce order entered on September 19, 2019, was prepared by Husband's counsel. The final divorce order included the following provisions from the parties' settlement agreement:

- The assets and debts of the parties shall be divided as set forth in Joint Exhibit No. 1 which was filed with the Court at the final hearing. A copy of Joint Exhibit No. 1 is also attached and incorporated into this Order.[2]

---

[1] Husband is self-represented on appeal but had representation below. Wife is represented by Raymond H. Yackel, Esq.

[2] Joint Exhibit No. 1 ("Exhibit 1") refers to the parties' agreed equitable distribution table that listed values of their marital property and how said property was to be divided.

1

- To equalize equitable distribution, [Husband] shall remit the amount of $20,000 to [Wife] no later than May 26, 2019.

Pursuant to the final divorce order and Exhibit 1, there were six retirement accounts that were to be distributed between the parties by Qualified Domestic Relations Orders ("QDRO"), which were not tendered to the family court until 2024. In January 2024, Husband raised the issue that Exhibit 1 overvalued a whole life insurance policy that had been awarded to him by approximately $40,000 and that he should have received $80,000 in *Conrad* credits[3] which were not included in the divorce order or Exhibit 1. On or about June 16, 2024, Husband moved to reopen equitable distribution. On July 1, 2024, a hearing was held on the QDROs, the alleged errors in Exhibit 1, Husband's claim for *Conrad* credits, and other personal property issues that were not relevant to this appeal.

Regarding Husband's claims that the parties' property had been inequitably distributed, the family court made the following findings of fact and conclusions of law:

- Husband's counsel prepared the September 19, 2019, final order.
- During the March 26, 2019, final hearing, the parties stated that Exhibit 1 represented their agreement.
- Exhibit 1 was referred to as a "joint exhibit."
- Neither of Husband's recent contentions were raised at the March 26, 2019, hearing when the parties' settlement agreement was placed on the record, nor at any time prior to the entry of the final divorce order which was entered on September 19, 2019.
- Neither party appealed the final divorce order.
- Husband first raised the issues January 5, 2024.
- Both parties were represented by counsel throughout the case leading up to the final hearing and though the entry of the final divorce order.
- Under a Rule 60(b)[4] analysis, mistakes, newly discovered evidence, or fraud must be raised within one year of entry of the order; Husband is well beyond the one-year deadline.

---

[3] *Conrad v. Conrad*, 216 W. Va. 696, 612 S.E.2d 772 (2005) (discussing a potential credit to a party in divorce proceedings where that party has made payments on marital debt or maintenance on the marital home between the time of separation and the divorce).

[4] Rule 60(b) & (c) of the West Virginia Rules of Civil Procedure provides guidance for relief from a final judgment, order, or proceedings, and states the following:

- The family court does not believe these issues are warranted relief under the Rule 60(b)(6) "catch all" provision.
- Husband's failure to raise the issue of *Conrad* credits at the time the parties put their settlement agreement on the record can only be treated as a waiver of such a claim.
- Husband's claim to reopen equitable distribution almost five years after the entry of the final divorce is denied.

An order denying Husband's claims was entered on July 8, 2024. It is from that order that Husband now appeals.

For these matters, we apply the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

---

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding: On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, unavoidable cause or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.
(c) Timing and Effect of the Motion.
(1) *Timing.* A motion under Rule 60(b) shall be made within a reasonable time and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

On appeal, Husband lists several requests for relief, including the correction of misstated values in Exhibit 1, the court's reconsideration of his payment for Wife's master's degree, and *Conrad* credits. These requests can be distilled into one assignment of error—that the family court erroneously denied his request to reopen equitable distribution.[5] We disagree with Husband's arguments for the reasons stated below.

The family court relied upon Rule 60(b) of the West Virginia Rules of Civil Procedure in denying Husband's motion to reopen equitable distribution rather than West Virginia Code § 51-2A-10 (2001).[6] We find this reliance misplaced. The Supreme Court of Appeals of West Virginia ("SCAWV") has found that motions pursuant to West Virginia Code § 51-2A-10 have replaced motions for relief from judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure in the family court. *See Mengel v. Mengel*, No. 23-ICA-415, 2024 WL 3581330, at *2 (W. Va. Ct. App. July 30, 2024) (memorandum decision) (citing *Ray v. Ray*, 216 W. Va. 11, 14 n.13, 602 S.E.2d 454, 457 n.13 (2004)) (*overruled on other grounds*). However, we find that because West Virginia Code § 51-2A-10 and Rule 60(b) are almost identical and would not change the outcome of this appeal, the family court's reliance on Rule 60(b) constitutes harmless error.

---

[5] *See generally Tudor's Biscuit World of Am. v. Critchley,* 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (stating that "the assignments of error will be consolidated and discussed accordingly").

[6] West Virginia Code § 51-2A-10 (2001) states as follows:

(a) Any party may file a motion for reconsideration of a temporary or final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or other technical deficiencies contained in the order; or (5) any other reason justifying relief from the operation of the order.
(b) A motion for reconsideration must be filed with the clerk of the circuit court within a reasonable time and for reasons set forth in subdivision (1), (2) or (3), subsection (a) of this section, not more than one year after the order was entered and served on the other party in accordance with rule 5 of the rules of civil procedure. The family court must enter an order ruling on the motion within thirty days of the date of the filing of the motion.

As to the merits of Father's argument regarding the settlement agreement, we find no error. The SCAWV "encourages the use of property settlement agreements to resolve the distribution of marital property[.]" *Warner v. Warner*, 183 W. Va. 90, 95, 394 S.E.2d 74, 79 (1990). "These agreements, when properly executed, are legal and binding . . . ." *Id.* The SCAWV has also long held that "[o]nce a competent party makes a settlement and acts affirmatively to enter into such settlement, his second thoughts at a later time as to the wisdom of the settlement [do] not constitute good cause for setting it aside." *Moreland v. Suttmiller*, 183 W. Va. 621, 625, 397 S.E.2d 910, 914 (1990). Further, in *Anne Y. v. Daniel Y.*, No. 22-ICA-229, 2023 WL 3581506 (W. Va. Ct. App. May 22, 2023) (memorandum decision), this Court affirmed a family court's decision not to set aside a settlement agreement because both parties had the benefit of consulting with experienced counsel, both parties represented that they were satisfied with the agreement, and neither party objected to any of the provisions in the agreement prior to the incorporation of Exhibit 1 into the final order. In the case at bar, the record reflects that both parties were represented by counsel, Husband's counsel prepared both Exhibit 1 and the final divorce order, and the parties testified that Exhibit 1 reflected their agreement, which demonstrates that the parties' agreement was properly executed and that the parties acted affirmatively in support of it with sufficient procedural safeguards in place.

Additionally, the SCAWV has held that "[w]hen the issue in a divorce proceeding is the equitable distribution of marital property, both parties have the burden of presenting competent evidence to the trial court concerning the value of such property." Syl. Pt. 3, *Roig v. Roig*, 178 W. Va. 781, 364 S.E.2d 794 (1987). "The burden is on both parties to the litigation to adduce competent evidence on the values to be assigned in equitable distribution cases." Syl. Pt. 8, *Mayhew v. Mayhew*, 197 W. Va. 290, 475 S.E.2d 382 (1996) (overruled on other grounds by *Mayhew v. Mayhew*, 205 W. Va. 490, 519 S.E.2d 188 (1999)). Here, Husband argues that his counsel, opposing counsel, and Wife knowingly agreed to and adopted the alleged misrepresented values in Exhibit 1 and failed to include *Conrad* credits owed to him. However, pursuant to *Roig* and *Mayhew*, Husband also had a duty to present competent evidence and review Exhibit 1 prior to agreeing to its terms.

Lastly, Husband failed to raise his alleged issues of misrepresented values in Exhibit 1 and *Conrad* credits until nearly five years after the final divorce order was entered and neither party filed a motion for reconsideration nor appealed the final order after its entry. West Virginia Code § 51-2A-10(b) requires that a request for relief from a judgment be brought "not more than one year after the order was entered." Because Husband waited nearly five years to raise his arguments, we conclude that Husband's motion to reopen equitable distribution was untimely. Therefore, we find no error or abuse of discretion in the family court's decision to deny Husband's motion to reopen equitable distribution due to its untimeliness and for the reasons stated above.

Accordingly, we affirm the family court's July 8, 2024, order.

5

Affirmed.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

6